**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| PAUL MOERER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 4:06CV634(TCM) |
| | ) |
| ALAN BLAKE, | ) |
| | ) |
| Defendant. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of
Paul Moerer for leave to commence this action without payment of
the required filing fee [Doc. #1].  See 28 U.S.C. § 1915(a).  Upon
consideration of the financial information provided with the
application, the Court finds that the applicant is financially
unable to pay any portion of the filing fee.  Therefore, plaintiff
will be granted leave to proceed in forma pauperis pursuant to 28
U.S.C. § 1915(a).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may
dismiss a complaint filed in forma pauperis at any time if the
action is frivolous, malicious, fails to state a claim upon which
relief can be granted, or seeks monetary relief against a defendant
who is immune from such relief.  An action is frivolous if "it
lacks an arguable basis either in law or in fact."  Neitzke v.
Williams, 490 U.S. 319, 325 (1989).  An action fails to state a

claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a civil detainee involuntarily confined as a "sexually violent predator" pursuant to Missouri Revised Statutes §§ 632.480 - .513, seeks a hearing before this Court in order to renounce his United States citizenship so that he may "pursue unfettered residency in Switzerland."

**Discussion**

The instant action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). While the Court notes that plaintiff can voluntarily relinquish his United States citizenship, Afroyim v. Rusk, 387 U.S. 253, 268 (1967), the Court can find no requirement

that such voluntary relinquishment be made in a federal district court.  See 8 U.S.C. § 1481 (listing acts which, when done with intent, relinquish United States nationality).  Indeed, this Court - being a court of limited jurisdiction - can find no authority for conducting or presiding over such a proceeding.  Even if such authority existed, no relief can be granted in plaintiff's favor against defendant Blake.  Defendant Blake is a only state official, not a federal official.  As such, defendant Blake has no authority to alter plaintiff's United States citizenship.

To the extent that plaintiff believes that renouncing his United States citizenship will result in his early or immediate release from involuntary state confinement as a sexually violent predator, plaintiff is mistaken.  In any case, plaintiff's sole federal remedy to achieve a speedier release from confinement is a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  See Preiser v. Rodriquez, 411 U.S. 475, 500 (1973).  Because there is no indication that plaintiff is confined in violation of federal law, 28 U.S.C. § 2254(a), and because there is no indication that plaintiff has exhausted his available state remedies,  28 U.S.C. § 2254(b)(1)(A), plaintiff's claim for immediate release must be dismissed.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #1] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 7th day of June, 2006.

_____
**UNITED STATES DISTRICT JUDGE**